T.C. Summary Opinion 2010-140

UNITED STATES TAX COURT

RUSSELL E. AND CATHERINE I. MCLEOD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21991-06S.          Filed September 21, 2010.

Russell E. and Catherine I. McLeod, pro se.

<u>Joline M. Wang</u>, for respondent.

MORRISON, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Russell E. and Catherine I. McLeod (the "McLeods"), filed a petition in the Tax Court challenging the deficiencies in income taxes and penalties that the IRS determined for their 2004 and 2005 tax years.

This case was scheduled for trial during the trial session of the Court at Wichita, Kansas, on May 11, 2009. The McLeods appeared at the trial session, but were unprepared for trial. They moved for a continuance. The Court ordered a continuance on May 11, 2009. To encourage the progress of the case, the Court also ordered the McLeods to submit to respondent any and all evidence on which they wished to rely by August 10, 2009. The order of the Court barred the McLeods from introducing any evidence that had not been provided to respondent by that date.

On September 8, 2009, respondent advised the Court that he had not received any documents from the McLeods by the Court's August 10, 2009, deadline. Then, on November 23, 2009, respondent moved for summary judgment. The motion hinged on respondent's contention that "the effect of the Court's May 11, 2009 order precludes the petitioners from introducing any

evidence with respect to the 2004 and 2005 deductions that were disallowed in the notice of deficiency."

On December 16, 2009, the Court ordered the McLeods to respond to the motion for summary judgment. On January 19, 2010, the McLeods' response to the motion was filed. No documents or affidavits were attached to the response. In their response, the McLeods claimed that they had mailed to respondent three letters, each with attached documents, that substantiated the deductions at issue. The Court ordered the McLeods to file with the Court copies of the August 3 letters. The deadline for this supplemental filing was February 24, 2010. The Court received no such submission.

The parties dispute whether the McLeods met the August 10, 2009, deadline for delivering documents to respondent. The McLeods claim they sent letters and documents on August 3, 2009. Respondent claims that he received no documents. To resolve the dispute, the Court ordered the McLeods to file the August 3 letters that they said they sent to respondent. The McLeods failed to file the August 3 letters with the Court. The Court finds that the McLeods failed to deliver any documents to respondent. Therefore, the May 11 order precludes the McLeods from relying on any documents in contesting the respondent's motion for summary judgment.

Thus prohibited from introducing any documents to contest respondent's motion for summary judgment, the McLeods have failed to defeat the motion. The motion for summary judgment and its attached documents demonstrate to us that "there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." See Rule 121(b).[1] When such a demonstration is made, the adverse party (here, the McLeods) must "set forth specific facts showing that there is a genuine issue for trial" and "if the adverse party does not so respond, then a decision, if appropriate, may be entered against such party." See Rule 121(d). Despite being given the opportunity, the McLeods have failed to offer any evidence that the motion for summary judgment should not be granted. Nor have they offered any argument contesting the legal theories upon which the motion for summary judgment is founded. The motion for summary judgment shall therefore be granted. A decision will be entered that: (a) There is a $6,847 deficiency in petitioners' income tax for the tax year 2004, (b) petitioners are liable for a $1,369.40 penalty under section 6662(a) for the tax year 2004, (c) there is

---

[1]Respondent sucessfully carried his burden of producing evidence that the McLeods were liable for the penalties. See sec. 7491(c).

a $6,938 deficiency in petitioners' income tax for the tax year 2005, and that (d) petitioners are liable for a $1,387.60 penalty under section 6662(a) for the tax year 2005.

An appropriate order and decision will be entered.